PER CURIAM.
Philip S. Goldin seeks review of a referee’s recommendation that he be disbarred from the practice of law for a period of eighteen (18) months and “indefinitely thereafter until he has repaid the money which he has borrowed from an undisclosed source and is free of other debts, except the usual current expenses normally incurred in maintaining a family * * * We are requested to strike the portion of the recommendation which has been specifically quoted above.
The brief of The Florida Bar recites that the “undisclosed source” of funds borrowed by Mr. Goldin is his mother who is making no demand for repayment. The Bar urges no objection to striking the specific language of the referee’s recommendation quoted above.
This lawyer was found guilty of a serious offense, to wit: converting to his own use the trust funds of two clients. He subsequently issued worthless checks in repayment of the debts. His brother finally made restitution for him. A psychiatric report indicates that the respondent is not psychotic but suffers neurotic conflicts which impair his professional responsibilities and will do so for about one year.
Under the circumstances it appears to us that the report of the referee demonstrates a full consideration of all elements involving the matter of prescribing professional *301 discipline. While we are willing to strike, on the recommendation of The Florida Bar, the requirement that borrowed sums should be repaid as a condition to respondent’s resumption of the practice of law, we feel that he should not be automatically reinstated at the termination of the period of eighteen months of disbarment. It appears from the record that this man suffers from a neurotic condition which places a cloud over his current professional ability and sense of responsibility to his clients and to the public. We are, therefore, not willing to restore him to the practice of law routinely merely upon the passage of time. Before he is readmitted, it should be shown that he is mentally and temperamentally competent to undertake the grave responsibilities of an attorney.
The findings of the referee are approved. However, the recommendations of the referee are amended to the extent that respondent Philip S. Goldin is hereby suspended from the practice of law for a period of eighteen (18) months from the date this opinion is filed and thereafter until, under the Integration Rule, he can demonstrate his entitlement to reinstatement.
It is so ordered.
ERVIN, C. J., and ROBERTS, THOR-NAL, CARLTON and BOYD, JJ., concur.